UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATISHA CALLOWAY, | Case No. 18-11274 |
| Plaintiff, | |
| v. | SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | MAGISTRATE JUDGE R. STEVEN WHALEN |

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION [22]; OVERRULING PLAINTIFF'S OBJECTIONS [23]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [20]**

Plaintiff Latisha Calloway seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying her application for Supplemental Security Income ("SSI"). Plaintiff, through counsel, filed a Motion for Summary Judgment [16] on October 9, 2018. Defendant filed a Motion for Summary Judgment [20] on November 13, 2018. On July 10, 2019, the Magistrate Judge issued a Report and Recommendation [22] ("R&R") recommending that the Court grant Defendant's Motion and deny Plaintiff's Motion. On July 24, 2019, Plaintiff filed Objections [23] to the R&R. Defendant filed a Reply [24] on July 31, 2019.

For the reasons explained below, the Court **ADOPTS** the R&R [22]; **OVERRULES** Plaintiff's Objections [23]; **DENIES** Plaintiff's Motion for Summary Judgment [16]; and **GRANTS** Defendant's Motion for Summary Judgment [20].

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge summarized the record as follows:

### I. Procedural History

On July 15, 2015, Plaintiff filed an application for SSI, alleging disability as of August 31, 2013. After the initial denial of the present claim, Plaintiff requested an administrative hearing, held in Oak Park, Michigan before Administrative Law Judge ("ALJ") Timothy J. Christensen. Plaintiff, represented by attorney Andrea Hamm, testified, as did Vocational Expert ("VE") Scott B. Silver. On June 28, 2017, ALJ Christensen found that Plaintiff was not disabled. On February 28, 2018 the Appeals Council denied review. Plaintiff filed for judicial review of the final decision on April 23, 2018.

### II. Background Facts

Plaintiff, born December 26, 1970, was 46 when the ALJ issued his decision. She completed 11th grade and worked as a housekeeper at a Residence Inn. She alleges disability due to Post Traumatic Stress Disorder ("PTSD"), chronic pain, rheumatoid arthritis, anxiety, depression, nerve damage, hypertension, and bipolar disorder . . . .

### D. The ALJ's Decision

Citing the medical transcript, ALJ Christensen found that for the period under consideration, Plaintiff experienced the severe impairments of "status post gunshot wound to the left shoulder, left buttock, and right leg; degenerative joint disease; and affective disorder" but that none of

the conditions met or medically equaled an impairment found in Part 404 Appendix 1 Subpart P, Appendix No. 1. The ALJ determined that for the period subsequent to the August 30, 2013 determination, Plaintiff presented evidence of "a new affective disorder." He found that she experienced mild restriction in understanding, remembering, or applying information and adapting or managing herself and moderate limitation in interacting with others and in concentration, persistence, or pace. The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC") for sedentary work with the following additional limitations:

> [She] requires a sit/stand option, provided that the claimant is off-task less than 10 percent of the workday. The claimant is able to perform postural activities only occasionally but must avoid climbing ladders, ropes, or scaffolds. The claimant is able to perform work that does not require any use of the upper extremities above shoulder level. The claimant must avoid concentrated exposure to hazards. She is able to understand, remember, and execute tasks with an [Specific Vocational Preparation] skill level of 1 to 2, defined as occupations that can be learned by demonstration only or that can be learned within 30 days or less.

Citing the VE's testimony, the ALJ found Plaintiff could perform the jobs of order clerk, addresser, and bench assembler. The ALJ discounted Plaintiff's allegations of disability. He noted that in September, 2014, she denied headaches or the need for pain medication. He noted that Plaintiff exhibited a normal range of motion. He cited records noting "chronic pain medication abuse" and Plaintiff's denial of medication side effects. He noted that Plaintiff exhibited good balance and gait. He noted that Plaintiff did not report headaches until January, 2017 which apparently subsided after her medication was suspended for a month. As to the mental health treating records, the ALJ noted that Plaintiff reported good results from psychotropic medication. He acknowledged that in May, 2016, Plaintiff was diagnosed with "major depressive disorder, recurrent" with psychosis but noted that Plaintiff self-report of severe symptomology was

contradicted by her report to treating sources from the same month that she was "feeling good" and did not experience medication side effects. He cited October, 2015 consultative evaluation records stating that she denied hallucinations. He accorded "little weight" to Dr. Head's March, 2017 opinion that Plaintiff was unable to work.

R&R at 1-2; 9-11 (internal citations omitted).

## STANDARD OF REVIEW

The Court reviews objections to a Magistrate Judge's R&R on a dispositive motion *de novo.* 28 U.S.C. § 636(b)(1)(c). However, vague, generalized objections are not entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Provided that the ALJ's conclusion is supported by substantial evidence, the Court must ". . . defer to that finding even if

there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

## ANALYSIS

### I. Objection 1: The Magistrate Judge erred when he found that the ALJ properly analyzed Plaintiff's mental impairments.

Plaintiff argues that the ALJ erred in finding that her diagnoses for PTSD and anxiety were not severe impairments. Plaintiff notes that her affective disorder was the only psychological impairment which the ALJ found to be severe. She submits that because she suffers from conditions in addition to an affective disorder, the ALJ should have made a severity finding on each condition. Plaintiff further submits that the ALJ's failure to designate these impairments as severe resulted in an erroneous RFC finding.

Plaintiff's objection is without merit. Contrary to Plaintiff's argument, the ALJ acknowledged Plaintiff's diagnosed mental health conditions, including her PTSD and anxiety, in his disability determination. However, "not every diagnosable impairment is necessarily disabling." *Krummel v. Comm'r of Soc. Sec.*, No. 13-cv-13537, 2014 WL 4206952, at *9 (E.D. Mich. Aug. 25, 2014) (citing *Lee v. Comm'r of Soc. Sec.*, 529 Fed. App'x. 706, 713 (6th Cir. 2013)).

In his decision, the ALJ set forth the reasons why he believed Plaintiff's anxiety and PTSD to be non-severe. Among these reasons were health care providers' documented assessments that Plaintiff's symptoms were well-controlled with psychiatric medication, that she presented with normal mood and affect throughout her examinations, and her self-reporting that she had no complaints.

Regardless, the ALJ's designation of these conditions as non-severe is harmless error so long at least one other ailment is considered severe. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (concluding that an ALJ's determination of severe or non-severe is harmless so long as at least one ailment is considered to be severe such that the five-step inquiry may continue); *see also Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008).

Here, the ALJ found the following severe impairments: status post gunshot wound to the left shoulder, left buttock, and right leg; degenerative joint disease; and affective disorder. The ALJ considered Plaintiff's severe and non-severe impairments, including her psychological disorders, in the next steps of his analysis. As such, "[t]he fact that some of [Plaintiff's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony*, 266 F. App'x at 457.

Plaintiff mistakenly assumes that the ALJ's classification of PTSD as non-severe means he ignored her testimony concerning her struggles with intense anxiety

and isolation. But the ALJ's in-depth decision leads this Court to the opposite conclusion: that he considered Plaintiff's testimony and her medical records and other medical evidence in making his RFC finding. Ultimately, Plaintiff fails to explain how the classification of her PTSD and anxiety as severe would have had any effect on the ALJ's RFC finding. Accordingly, Objection 1 is overruled.

II. **Objection 2: The Magistrate erred when he found that [sic] ALJ's decision was supported by substantial evidence.**

Plaintiff argues that the ALJ incorrectly found that she was capable of performing a wide range of light work. Plaintiff further argues that had the ALJ properly evaluated her symptoms and limitations, he would have found her disabled.

Plaintiff's objection, which simply disputes "'the correctness of the magistrate's recommendation but fails to specify the findings . . . believed in error' [is] too general" and therefore amounts to a failure to object. *Novak v. Prison Health Services, Inc.*, No. 13-cv-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Nonetheless, even if the Court were to construe the objection as objecting to the ALJ's RFC determination, the Court would find it baseless. To support her claim that she is unable to perform sustained work, Plaintiff relies solely on her own testimony. The ALJ, however, appropriately discounted Plaintiff's testimony upon finding that her statements "concerning the intensity, persistence and limiting effects

of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 46-47. The Court agrees with the Magistrate Judge that the ALJ's finding that Plaintiff was capable of a limited range of unskilled sedentary work is supported by substantial evidence. Therefore, Objection 2 is overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [22] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [23] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [20] is **GRANTED**.

**SO ORDERED**.

Dated: August 13, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge